UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULWANT SINGH GILL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN CRAWFORD, Field Office Director of Fresno USCIS Office, and LORETTA LYNCH, Attorney General of the United States,<br><br>　　　　Defendants. | No.  1:15-cv-1633-MCE-MJS<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Kulwant Singh Gill ("Plaintiff") seeks to compel action on his application for naturalization that is currently pending before Defendant United States Citizenship and Immigration Service ("USCIS").  Presently before the Court is USCIS's Motion to Remand pursuant to 8 U.S.C. § 1447(b).  ECF No. 9.  For the reasons that follow, USCIS's Motion is GRANTED.[1]

///

///

///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Cal. Local R. 230(g).

## BACKGROUND

In May 2014, Plaintiff submitted his application for naturalization ("Application") to the USCIS office in Phoenix, Arizona. The Application was transferred to USCIS's Fresno, California office shortly thereafter. Guillermo Lopez, an Immigration Services Officer ("ISO"), interviewed Plaintiff in connection with his Application on October 8, 2014. USCIS approved Plaintiff's Application that same day. As a result of the approval, Plaintiff was scheduled to attend a naturalization ceremony and take the oath of citizenship on October 28, 2014.

Prior to the ceremony, another ISO reviewed Plaintiff's file to ensure that his application was complete and had been correctly adjudicated. This secondary review occurs as a matter of course. In this case, the reviewing officer determined that there was a possible marriage fraud issue in the file. Plaintiff was then notified that he should not appear for the ceremony. On October 28, 2015, Plaintiff filed this case seeking a Declaratory Judgment of Naturalization pursuant to 8 U.S.C. §§1421 and 1447(b). On January 4, 2016, USCIS filed the instant Motion, which requests that this Court exercise its jurisdiction under 8 U.S.C. § 1447(b) and remand the matter to USCIS with instructions to adjudicate Plaintiff's Application within sixty days.

## DISCUSSION

Section 1447 provides that an applicant for naturalization may apply to the United States District Court in the district in which he resides if USCIS does not make a determination on that application within 120 days from the date the agency interviewed the applicant. 8 U.S.C. § 1447(b). Once the applicant files a lawsuit pursuant to § 1447(b), the district court has discretion to either make a judicial determination of naturalization or remand to USCIS with instructions to adjudicate. United States v. Hovsepian, 359 F.3d 1144, 1161 (9th Cir. 2004).

USCIS does not dispute that § 1447(b) vests this Court with jurisdiction over Plaintiff's suit because USCIS failed to make a determination on Plaintiff's Application within 120 days of his interview.  USCIS nevertheless contends that Plaintiff's Application should be remanded because it has completed its investigation of Plaintiff's potential marriage fraud issue, is prepared to finally adjudicate his Application and is in a better position than this Court to do so.

The Court agrees with USCIS.  The vast majority of district courts remand lawsuits filed under § 1447(b) for USCIS to decide in the first instance whether to grant or deny an application for naturalization.  Roberts v. Holder, No. CCB-11-1941, 2012 WL 2563880 at *2 (D. MD. June 29, 2012).  As the Supreme Court has observed, USCIS's expertise in applying immigration law to individual applications makes it uniquely suited to determine Plaintiff's eligibility for naturalization.  See INS v. Orlando Ventura, 537 U.S. 12, 17 (2002) (per curiam) ("The agency can bring its expertise to bear upon the matter; it can evaluate the evidence; it can make an initial determination; and, in doing so, it can, through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides.")

In his Opposition to the instant Motion, Plaintiff argues that this Court should retain jurisdiction over this matter because Defendants possessed the information about Plaintiff's possible marriage fraud issues at the time they approved his Application. Plaintiff further contends that remand is inappropriate because 8 C.F.R. § 340.1 required USCIS to obtain "clear, convincing, and unequivocal evidence" that Plaintiff's Application was based on fraud before revoking its approval.

Neither of these arguments is persuasive.  First, 8 C.F.R. § 340.1 was rescinded in 2011 and is therefore not applicable to the instant Motion.  Immigration Benefits Business Transformation, Increment I, 76 Fed. Reg. 53764, 53769 (August 29, 2011). Second, the fact that Defendants possessed derogatory information at the time Plaintiff's Application was not approved does not affect the fact that USCIS is better equipped to make an initial determination of Plaintiff's eligibility for naturalization.  Plaintiff has not set

forth any evidence showing that the initial approval and subsequent revocation of his Application was made in bad faith. At most, the record in this case shows that the first ISO to review Plaintiff's Application overlooked derogatory information in his file. Such an oversight is exactly why USCIS assigns a secondary reviewer to naturalization applications as a matter of course. See ECF No. 9-1 at ¶ 4.

Finally, remanding this case to USCIS for adjudication will not result in undue hardship to Plaintiff. Plaintiff will receive a determination on his Application within sixty days and will have an opportunity during the administrative process to overcome the derogatory information uncovered in his file. Furthermore, if Plaintiff receives an adverse decision on his Application, he may appeal that decision to this Court. If he does so, both Plaintiff and the Court will benefit if USCIS first applies its unique expertise in immigration law to create a clear record for review. Accordingly, USCIS's Motion to Remand is GRANTED.

## CONCLUSION

Defendant USCIS's Motion to Remand (ECF No. 9) is hereby GRANTED. Defendant USCIS shall adjudicate Plaintiff's Application within sixty (60) days from the date this Order is electronically filed.

IT IS SO ORDERED.

Dated: March 7, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT